■ J. W. CLEMENT COMPANY, Appellant, v. CITY OF BUFFALO, Respondent. (Appeal No. 1.) — Judgment and order unanimously vacated without costs. This appeal is academic in view of the reversal of the judgment in *Clement Co.* v. *City of Buffalo* (46 A D 2d 994). (Appeal from part of amended judgment and from order of Erie Trial Term in condemnation proceeding.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Del Vecchio, JJ.

■ J. W. CLEMENT COMPANY, Appellant-Respondent, v. CITY OF BUFFALO, Respondent-Appellant. (Appeal No. 3.) — Judgment unanimously reversed, on the law and facts, without costs, and complaint dismissed. Memorandum: Plaintiff J. W. Clement Company was the owner of eight concrete silos permanently situated on premises leased by plaintiff from the Erie-Lackawanna Railroad. The lease was terminable upon 30 days notice and upon termination plaintiff was required to remove the silos. On June 22, 1966 the Erie-Lackawanna Railroad advised plaintiff that the lease would terminate as of July 30, 1966. By agreement dated August 8, 1966 the plaintiff agreed to pay the railroad $5,000 to undertake plaintiff's obligation to demolish and remove the silos. Thereafter the premises were sold to the defendant City of Buffalo. Plaintiff commenced an action against the city in which it alleged a " taking " of the silos on a theory of inverse condemnation. Plaintiff moved for and was granted summary judgment in an order of Special Term which directed a hearing pursuant to CPLR 3212 (subd. [c]) to assess damages. This court affirmed that order (*J. W. Clement Co.* v. *City of Buffalo*, 40 A D 2d 765). Following the hearing the Erie County Supreme Court awarded plaintiff $5,000 damages for its costs of removing the silos but awarded no damages for the silos themselves. Both parties appeal. We agree with the trial court's conclusion that under the circumstances the silos had no value. Not only were they nonfunctioning but whatever potential utility they had was circumscribed by the terminability of the lease and plaintiff's affirmative obligation to remove them upon such ter-

mination. Since plaintiff had a contractual obligation to remove the silos upon termination, there is no reason why plaintiff's expenses incurred in satisfying that obligation should be recovered in this action against the City of Buffalo. Any award to plaintiff in this case would place it in a position superior to the one it enjoyed before the taking. This the defendant city is not required to do (*City of Buffalo* v. *J. W. Clement Co.*, 28 N Y 2d 241, 261). Finally, the trial court's award of $200 witness fees was premised upon its conclusion that plaintiff was entitled to costs of removal and was granted this amount to compensate plaintiff's witnesses who testified with respect to that issue. Since we have concluded that plaintiff was not entitled to removal costs, the allowance for witness fees should be disallowed. (Appeals from judgment of Erie Trial Term in condemnation proceeding.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Del Vecchio, JJ.